**DWAYNE ROBERSON**
**1157 4th STREET NE**
**WASHINGTON, DC 20002**

## THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DWAYNE ROBERSON,
1157 4TH Street NE
WAShington, DC 20002
                    Plaintiff,

        vs.

AMERICAN RECOVERY SERVICES
INC
555 ST, Cherles Drive, Ste 100
Thousand OAks, CA 91360
                    Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 1:15-cv-00452
Assigned To : Leon, Richard J.
Assign. Date : 3/27/2015
Description: Pro Se Gen. Civil



**MOTION FOR FDCPA ACTION; VIOLATION OF**
**THE FDCPA;**
15 U.S.C § 1692(j)
15 U S C §1692(e)
15 U.S.C. § 1692e(10)
15 U.S.C. § 1692e(14)
DC Code § 28-3814 (f)(1)
DC Code § 28-3814 (f)(4)
DC Code § 28-3814 (f)(9)

Complaint

**TRIAL BY JURY DEMANDED**

_____

For this Complaint, the Plaintiff, Dwayne Roberson, states as follows:

## JURISDICTION and VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims of Plaintiff occurred within this federal judicial district.

3. Parties are in different states.

## PARTIES TO SUIT

4. At all times relevant to this lawsuit, Plaintiff is a citizen of the State of Washington DC who resides within the District of Columbia.

5. Defendant American Recovery Service Incorporated ("ARSI"), is a California business entity with an address of 555 St. Charles Drive, Suite 100, Thousand Oaks, California 91360, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

8. Defendant is a for-profit business regularly engaged in the collection of allegedly owed consumer debts.

## GENERAL FACTUAL ALLEGATIONS

**A.**     **The Debt**

9.      The Plaintiff incurred a financial obligation in the approximate amount of $4708.90 (the "Debt") to American Express (the "Creditor").

10.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.     The Debt was purchased, assigned or transferred to ARSI for collection, or ARSI was employed by the Creditor to collect the Debt.  See **EXHIBIT "A"**

12.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**     **ARSI Engages in Deceptive Tactics**

13.     On or about 05/2014 Plaintiff received notice that a claim had been filed against him in the District of Columbia Small Claims and Conciliation Branch court. See **Exhibit "B"**

14.      On the face of the claim, the plaintiff was American Express Centurion bank.

15.     On that same document was the address of ARSI, 555 St. Charles Drive, Suite 100, Thousand Oaks, CA 91360 and phone number 888-395-2774.

16.     At all times relevant to this action, American Recovery Service Incorporated willfully, deliberately, and intentionally chose not to provide meaningful

identification of itself in any of the documents used in its attempt to collect money from the Plaintiff.

17. The Defendant's acts of using the name "American Express" in its complaint is conduct involving the natural consequence of which is to mislead or deceive a person into a void proceeding to take advantage of them. This is a violation of the FDCPA. See **Exhibits "B" and "C"**

    a. the use of false, deceptive, or misleading representation or means in connection with the collection of any debt.

    b. using the name of a "business, company, or organization name other than the true name of the debt collector's business, company, or organization".

    c. furnishing certain deceptive forms.

    d. the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

18. On or about 05/2014 the plaintiff was served with a document signed by Mr. Mario D. Morales-Aries. This document was also notarized. See **Exhibit "B"**

19. On that same document Mr. Morales-Aries claimed to work for American Express Centurion Bank as the assistant custodian of records using the address of ARSI, 555 St. Charles Drive, Suite 100, Thousand Oaks, CA 91360 and phone number 888-395-2774.

20. The Defendant's acts along with Mr. Morales-Aries's act of claiming to work for "American Express" while using the address of ARSI is conduct involving the natural consequence of which is to mislead or deceive a person into a void proceeding. This is a violation of the FDCPA by, inter alia:

    a.   the use of false, deceptive, or misleading representation or means in connection with the collection of any debt.

    b.   using the name of a "business, company, or organization name other than the true name of the debt collector's business, company, or organization".

    c.   furnishing certain deceptive forms.

    d.   the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## C. Plaintiff Suffered Actual Damages

21.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.    As a direct consequence of the Defendants' acts, practice, and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692., et seq

23.    The Defendants' conduct violated 15 U.S.C. § 1692(e) in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of any debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692(e)(14) by using the name of a "business, company, or organization name other than the true name of the debt collector's business, company, or organization".

25. The Defendants' conduct violated 15 U.S.C. § 1692j - Furnishing certain deceptive forms. See **EXHIBIT "B"**

26. The Defendants' conduct violated 15 U.S.C. § 1692e(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  See **EXHIBIT "B"**

## COUNT II
## VIOLATIONS OF Washington DC DCDCPA DC Code § 28-3814
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

27. The Defendants, as debt collectors, engaged in deceptive acts and conduct in direct violation of  DC Code § 28-3814 (f)(1)  "No creditor or debt collector shall use any fraudulent, deceptive, or misleading representations" in an attempt to collect the debt.

28. The Defendants, as debt collectors, violated DC Code § 28-3814 (f)(4) by failing  to "clearly disclose the name and full business address" of the relevant parties during their attempt to collect a debt.

29.     The Defendants, as debt collectors, violated DC Code § 28-3814 (f)(9) in that they

made "false representation or false impression about the status or true nature of or the

services rendered by the creditor or debt collector or his business". See **EXHIBIT "C"**

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that judgment be awarded in the Plaintiffs favor

and against the Defendants as follows:

1.      Against the named Defendants, jointly and severally, awarding the Plaintiff

actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.      Against each of the named Defendants, awarding the Plaintiff statutory

damages of $l,OOO.OO pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.      Against the named Defendants, jointly and severally, awarding the Plaintiff

actual damages, trebled, pursuant to DC Code § 28-3814;

4.      Against the named Defendants, jointly and severally, awarding the Plaintiff

recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3);

5.      Against the named Defendants, jointly and severally, awarding the Plaintiff

punitive damages in such amount as is found appropriate; and

6.      Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 27, 2015

Respectfully Submitted

Duane Roberson
1157 4TH ST. N.E.
WAShington, DC 2OOO2